UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CINDY NAETHING | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. _____<br>) |
| AMERICAN GENERAL LIFE<br>INSURANCE COMPANY F/K/A<br>AMERICAN GENERAL LIFE AND<br>ACCIDENT INSURANCE CO., | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

Comes now the Plaintiff, CINDY NAETHING (hereinafter "NAETHING", by and through the undersigned counsel, complaining of the acts of Defendant, AMERICAN GENERAL LIFE INSURANCE COMPANY F/K/A AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE CO. (hereinafter "AMERICAN GENERAL"), would state and allege as follows:

## PARTIES

1. Plaintiff, NAETHING, is an adult citizen and resident of Rutherford County, Tennessee. On the date in which this cause of action arose, Plaintiff was a citizen and resident of the State of Ohio

2. Defendant, AMERICAN GENERAL, is, upon information and belief, a Texas for-profit corporation engaged in the insurance business with a place of business in Tennessee. On the date in which this cause of action arose, Defendant was a for-profit corporation formed and organized under the laws of the State of Tennessee. On or about December 6, 2012 American General Life and Accident Insurance Co. Merged with American General Life

Insurance Company and American General Life Insurance Co. was the surviving corporate entity. Prior to December 6, 2012 AMERICAN GENERAL'S main office was located in Davidson County, Tennessee.

3. A dispute has arisen between NAETHING and AMERICAN GENERAL over a denial of life insurance benefits under an insurance policy held by AMERICAN GENERAL in favor of Martin W. Hampton, deceased, to which NAETHING is the proper beneficiary.

## JURISDICTION AND VENUE

4. This Honorable Court has jurisdiction pursuant to 28 U.S. Code § 1332.

5. This Court has subject-matter jurisdiction over this matter because it is a civil action in which the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, because there is diversity of citizenship between Plaintiff and Defendant, and because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

6. Venue is proper in this judicial district, because the United States District Court for the Middle District of Tennessee is the district where Defendant's main office was located at the time pertinent to this action. Venue is further proper in this action pursuant to 28 U.S. Code § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTS

7. All allegations set forth above are re-alleged and incorporated herein by reference.

8. Prior to September 3, 1991, Defendant held at least two life insurance in favor of Martin W. Hampton, deceased.

9. Said life insurance policies to Mr. Hampton were identified as having policy no. 130009536 and 186261629.

10. Plaintiff, NAETHING, avers that she was the beneficiary under at least these two insurance policies.

11. Martin W. Hampton died on or about September 3, 1991.

12. Approximately 4 days prior to the death of Martin W. Hampton, a change of beneficiary form was filed with the Defendant. Said change of beneficiary form was not notarized. Furthermore, at the time of this change of beneficiary form, Mr. Hampton was not of sound mind to execute a change of beneficiary form.

13. Upon the death of Martin W. Hampton, Plaintiff requested benefits of the aforementioned life insurance policies.

14. Defendant has denied Plaintiff's claim for benefits under the aforementioned life insurance policy numbers.

15. Upon innumerable requests by Plaintiff, Defendants have failed and/or refused to supply defendant with any information regarding the terms, beneficiaries, or amounts of benefits owed to Plaintiff.

16. Specifically on or about approximately 4 days after the death of Mr. Martin, Plaintiff attempted to obtain policy information from a local agent, who stated that his computer was down. Plaintiff attempted to get information approximately six more times, from local agent, to which he failed and/or refused to give said information on each occasion.

17. Plaintiff then attempted to obtain policy information directly from Defendant. Plaintiff has been denied any information from Defendants as of the date of filing of this complaint.

18. Through independent investigation, Plaintiff obtained documentation that she is the beneficiaries of said policies. Specifically on or about September of 1992, Plaintiff was active in Defendant's computer system as beneficiary under said insurance policies.

19. After continuously being denied benefits, Plaintiff filed a discovery action in Richland County, Ohio County Common Pleas Court. Defendants responded to discovery requests requesting documents stating that the policy information was either misplaced or was not maintained.

20. Plaintiff has further filed complaints with the Ohio and Tennessee Departments of Insurance requesting that Defendant produce documentation regarding the aforementioned insurance policies. Defendants have failed and or refused to produce any such documentation.

21. Upon information and belief Defendant has wrongfully disbursed funds under said policy numbers to Sandra I. Hampton and/or Keith Whitacre.

22. Plaintiff avers that Defendants have intentionally, recklessly, and/or negligently denied her benefits that she is rightfully entitled to under the aforementioned life insurance policies.

## COUNT ONE: FRAUDULENT CONCEALMENT

23. Plaintiff incorporates by reference and re-alleges paragraphs 1-22 herein as if fully set forth.

24. Pursuant to the Defendant's life insurance policies issued to Martin W. Hampton, Plaintiff is an intended beneficiary thereunder.

25. By virtue of above, Plaintiff acquired an equitable and/or monetary interest on all the right, title, and interest of said life insurance policies.

26. Defendant, by and through its agents and/or employees has represented to

Plaintiff that she is not the beneficiary under said life insurance policies.

27. Upon information and belief, Plaintiff alleges that Defendants represented the above referenced facts as true to Plaintiff, when they knew the facts were false

28. Upon information and belief, Plaintiff alleges that the verbal and written representations made by Defendants as enumerated above and throughout this complaint, were misrepresentations designed to conceal the equitable and/or legal interests of Plaintiff in said life insurance benefits.

29. Upon information and belief, Plaintiff alleges that Defendants concealed the following essential and important information and facts in an effort to withhold insurance benefits from Plaintiff.

   a. Plaintiff was the proper beneficiary under said insurance policies;

   b. Documentation proving and/or showing Plaintiff as named beneficiary under said insurance policies;

   c. Any other potential beneficiaries under said insurance policies, including but not limited to Sandra I. Hampton, were not rightful beneficiaries under said insurance policies; and

   d. Documentation showing other individuals as beneficiaries under said insurance policies were not executed properly in accordance with the prevailing laws and/or any documentation was completed by Martin W. Hampton under coercion and/or duress.

30. Plaintiff did not know that Defendant had fraudulently concealed said information until after disbursement of funds to Sandra I. Hampton.

31. Plaintiff justifiably, reasonably, and detrimentally relied on the verbal and written

representations made by Defendants, as enumerated above, and Defendant conveyed the representations in a believable and reliable manner as previously described herein.

32. Plaintiff justifiably, reasonably, and detrimentally relied on the affirmative representations made by Defendants and reasonably trusted Defendants to disclose important information about the beneficiaries under the said life insurance policies.

33. Plaintiff financially suffered in the amount of approximately $600,000.00 as a result of Defendant's fraudulent concealment.

34. The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

## COUNT TWO: FRAUDULENT AND/OR NEGLIGENT MISREPRESENTATION

35. Plaintiff incorporates by reference and re-alleges paragraphs 1-34 herein as if fully set forth.

36. After the death of Martin W. Hampton, Defendant by and through its agents and/or employees made written and verbal representations as follows.

   a. Plaintiff was not the proper beneficiary under said insurance policies;

   b. Documentation proving and/or showing Plaintiff as named beneficiary under said insurance policies were not valid;

   c. Any other potential beneficiaries under said insurance policies, including but not limited to Sandra I. Hampton, were the rightful beneficiaries under said insurance policies; and

   d. Documentation showing other individuals as beneficiaries under said insurance

policies were executed properly in accordance with the prevailing laws and/or any documentation was completed by Martin W. Hampton under coercion and/or duress.

37. Upon information and belief, Plaintiff alleges that Defendant represented the above referenced facts as true to Plaintiff when they knew, or should have known, they were false.

38. Upon information and belief, Plaintiff alleges that the written and verbal representations made by Defendant as enumerated above were fraudulent misrepresentations designed to defraud Plaintiff out of funds from said insurance policy that were legally and/or equitably funds that should have been paid to Plaintiff.

39. Upon information and belief, Plaintiff alleges that Defendant represented the above-referenced facts as true to Plaintiff when they knew, or should have known, they were false with the intent to defraud Plaintiff as set forth above.

40. Plaintiff justifiably, reasonably and detrimentally relied on the written and verbal representations made by Defendant as enumerated above because Defendant conveyed the information in a believable and reliable verbal and written manner as previously described herein.

41. Plaintiff financially suffered in the amount of approximately $600,000.00 as a result of Defendant's fraudulent misrepresentations.

42. The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

**COUNT THREE: GENERAL FRAUD**

43. Plaintiff incorporates by reference and re-alleges paragraphs 1-42 herein as if fully set forth.

44. After the death of Martin W. Hampton, Defendant by and through its agents and/or employees made written and verbal representations as follows.

   a. Plaintiff was not the proper beneficiary under said insurance policies;

   b. Documentation proving and/or showing Plaintiff as named beneficiary under said insurance policies were not valid;

   c. Any other potential beneficiaries under said insurance policies, including but not limited to Sandra I. Hampton, were the rightful beneficiaries under said insurance policies; and

   d. Documentation showing other individuals as beneficiaries under said insurance policies were executed properly in accordance with the prevailing laws and/or any documentation was completed by Martin W. Hampton under coercion and/or duress.

45. Upon information and belief, Plaintiff alleges that Defendant represented the above referenced facts as true, when they knew the facts were false

46. Upon information and belief, Plaintiff alleges that the verbal and written representations made by Defendants as enumerated above and throughout this complaint, were misrepresentations designed to defraud the Plaintiff.

47. Plaintiff justifiably, reasonably, and detrimentally relied on the written and verbal representations made by Defendants, as enumerated above, because Defendant conveyed the representations in a believable and reliable manner as previously described herein.

48. Plaintiff justifiably, reasonably, and detrimentally relied on the affirmative

representations made by Defendants and reasonably trusted Defendants to disclose important information about the aforementioned insurance policies and beneficiaries.

49. Plaintiff financially suffered in the amount of $600,000.00 as a result of Defendant's fraud.

50. The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

## COUNT FOUR: NEGLIGENCE

51. Plaintiff incorporates by reference and re-alleges paragraphs 1-50 herein as if fully set forth.

52. Plaintiff contends that Defendants had a duty of due care owed Plaintiff which required the Defendants to act reasonably and in good faith at all times.

53. Plaintiff contends that Defendants breached their duty of due care owed to Plaintiff which required the Defendants to act reasonably and in good faith, when Defendants failed to act give Plaintiff's funds owed to her as the rightful legal and/or equitable beneficiary under the aforementioned life insurance policies..

54. Defendant concealed the fact that Plaintiff was the rightful beneficiary under said insurance policies.

55. Plaintiff contends that Defendants knew, or should have known, that Plaintiff was the rightful beneficiary under said insurance policies.

56. Upon information and belief, Defendant negligently failed to pay Plaintiff funds owed as beneficiary under said insurance policies.

57. As a direct and proximate cause of Defendants' actions as enumerated above,

Plaintiff suffered damages in the amount of approximately $600,000.00.

## COUNT FIVE: BREACH OF FIDUCIARY DUTY

58. Plaintiff incorporates by reference and re-alleges paragraphs 1-57 herein as if fully set forth.

59. Defendant owed a fiduciary duty to Plaintiff, in that they held money in their possession that Plaintiff was rightfully the beneficiary thereof.

60. Defendant breached their duty to Plaintiff, in that they failed to pay monies owed to Plaintiff as rightful beneficiary under said insurance policies, and/or they wrongfully paid said monies to improper beneficiaries, thereby failing to protect Plaintiff's legal and/or equitable interest in said monies.

61. As a direct and proximate cause of Defendants' actions as enumerated above, Plaintiff suffered damages in the amount of approximately $600,000.00.

## COUNT SIX: PROMISSORY ESTOPPEL

62. Plaintiff incorporates by reference and re-alleges paragraphs 1-61 herein as if fully set forth.

63. On or about September of 1991, an agent and/or employee of Defendant made representations to Plaintiff that she was the rightful beneficiary under said insurance policies.

64. As set forth hereinbefore, Plaintiff detrimentally relied on Defendant's representations that Plaintiff was the rightful beneficiary under said insurance policies.

65. Plaintiff's reliance was reasonable and foreseeable.

66. As a direct and proximate cause of Defendants' actions as enumerated above, Plaintiff suffered damages in the amount of approximately $600,000.00.

**WHEREFORE**, premises considered, Plaintiff, CINDY NAETHING, respectfully

requests this honorable Court to grant the following relief.

1. That proper process issued and be served upon the Defendants and that they be required to respond to this action in accordance with the Federal Rules of Civil Procedure;

2. That this Honorable Court grant Plaintiff compensatory damages in the amount in excess of $600,000.00;

3. That this Honorable Court grant Plaintiff prejudgment interest at the highest legal rate from the date of the first cause of action where the Defendant is found liable;

4. That this Honorable Court grant any and all special, incidental, and/or consequential damages, according to proof;

5. That this Honorable Court grant any and all exemplary and/or punitive damages if the Defendant is found liable for any and all fraudulent causes of actions;

6. That this Honorable Court order Defendants to pay Plaintiff's attorney fees, as allowed by law or contract;

7. That the Defendants be taxed the costs of this cause; and,

8. For such other and further relief as the Court may deem proper.

Respectfully submitted this 24th day of November, 2014.

FOY LAW GROUP, P.A.

By: _____
ROBERT J. FOY
Tennessee BPR No. 025919
*Attorney for Plaintiff*
620 N. Walnut Street
Murfreesboro, TN 37130
Tel: (615) 895-0332
Fax: (615) 895-0334
bobfoy@foylawgroup.com

## OATH

I, CINDY NAETHING, being first duly sworn according to law, make oath that I have read the foregoing Complaint and that the facts set forth therein are true to the best of my knowledge, information and belief, that this Complaint is not made of levity or by collusion with the Defendants, but in sincerity and truth for the causes alleged in the Complaint.

_____
**CINDY NAETHING**
Plaintiff

STATE OF TENNESSEE   )
                     )
COUNTY OF RUTHERFORD )

SWORN TO AND SUBSCRIBED before me, this 20th day of November, 2014, by Plaintiff, CINDY NAETHING, who is personally known to me or who has produced Tennessee driver's license as identification.

_____
NOTARY PUBLIC
My commission expires: 3/2015

[Notary Seal: ROBERT J FOY, STATE OF TENNESSEE, NOTARY PUBLIC, RUTHERFORD]